IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD JACKSON,<br><br>           Plaintiff,<br><br>v.<br><br>WARDEN M. FARRELL, et al.,<br><br>           Defendants. | CIVIL ACTION<br>NO. 11-3796 |

**OPINION**

**Slomsky, J.**                                                                                                                                    **November 8, 2012**

### I.   INTRODUCTION

Plaintiff, a prisoner, filed a Complaint under 42 U.S.C. § 1983 for an alleged violation of his civil rights. For reasons that follow, the Court will dismiss the Complaint without prejudice.

### II.   STATEMENT OF FACTS

On June 10, 2011, Plaintiff filed an Application to Proceed in Forma Pauperis (Doc. No. 1), which was granted on June 14, 2011 (Doc. No. 2). The Complaint names five defendants: Warden M. Farrell, Commissioner John Doe, Major Mr. Jackson, CO I. Hawkins, and Captain Okman. (Doc. No. 3) Because Plaintiff did not provide the first names of Major Mr. Jackson, CO I. Hawkins, and Captain Okman, or any other identifying information, service could not be made on these Defendants.[1] (Doc. No. 7) On January 18, 2012, the Court granted Plaintiff leave to amend his Complaint by February 17, 2012 in order to provide identifying information for these Defendants. (Doc. No. 5) On January 27, 2012, a copy of the Court's Order sent to Plaintiff at the Curran-Fromhold Correctional Facility (CFCF), his address of record, was

---

[1] Warden M. Farrell was served and filed an Answer. (Doc. Nos. 4, 6.)

1

returned by the U.S. Postal Service with the comment "discharge." On September 18, 2012, the Court ordered Plaintiff to show cause within thirty days why the matter should not be dismissed for want of prosecution. (Doc. No. 8) On October 1, 2012, a copy of that Order was also returned by the U.S. Postal Service with the comment "return to sender." The Court, through Chambers staff, then attempted to determine Plaintiff's current whereabouts by contacting CFCF, and was informed that Plaintiff is no longer in custody and did not leave a forwarding address. Plaintiff has not contacted the Court at all to provide a current address or to inquire about the status of his case. It appears that he has abandoned the prosecution of this Action.

## III. ANALYSIS

The Court will dismiss the Complaint without prejudice. In so doing, the Court considers the six factors set forth by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).[1] "[N]ot all Poulis factors need be satisfied in order to dismiss a complaint," and no one Poulis factor is conclusive. Briscoe v. Klaus, et al., 538 F.3d 252, 263 (3d Cir. 2008). Here, three Poulis factors strongly lean toward dismissal.

First, as a pro se plaintiff, Plaintiff alone is responsible for prosecuting his claims. Briscoe, 538 F.3d at 258-59; Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). "A pro se plaintiff is personally responsible for complying with the court's orders." Briscoe, 538 F.3d at 258; see Emerson, 296 F.3d at 190. Plaintiff has not diligently prosecuted this matter. At

---

[1] The Poulis factors address:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

the very least, he should have provided a forwarding address, or informed the Court of his current address. Because he did not, his failure to receive Orders from the Court, as well as his failure to diligently prosecute his case, falls squarely on him. Moreover, he has failed to serve a Summons and Complaint on various Defendants and apparently has no intention of doing so.

Second, at the very least, Plaintiff has prejudiced Defendant Farrell by failing to contact the Court and comply with the Court's orders. A plaintiff must comply with court orders and prosecute his case in a timely manner. Fed. R. Civ. P. 41(b); see Azubuko v. Bell Nat. Org., 243 Fed. App'x. 728, 729 (3d Cir. 2007). Because Plaintiff has not provided a forwarding address for over nine months, resulting in his case not being diligently prosecuted, Defendant Farrell is prejudiced by the ongoing costs, uncertainties, and threat of litigation that are unavoidable and unjust.

Third, there are no alternatives to dismissing Plaintiff's complaint. When a pro se plaintiff delays a proceeding, monetary sanctions are not an effective alternative. Briscoe, 538 F.3d at 263. Because Plaintiff is proceeding pro se and in forma pauperis, the imposition of fines, costs, or expenses as sanctions would not be fruitful. The only effective sanction is dismissal.

## IV. CONCLUSION

After weighing the above factors, the Court determines that dismissal without prejudice is appropriate.